UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CR-00110 |
| | ) | |
| ANDREW SCOTT SCANLAN, | ) | GOVERNMENT'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

## INTRODUCTION

Scanlan is a predator. He repeatedly forced his 10-year-old nephew (Child Victim #1) to perform oral sex on him over the course of several months. Scanlan's relationship to Child Victim #1 and his parents enabled him to more easily groom and access Child Victim #1. Scanlan video-recorded some of the sex acts with Child Victim #1. But sexually exploiting just one of his relatives was not enough. Scanlan also created multiple close-up photos of his 4-year-old niece's bare vagina (Child Victim #2). Scanlan was already a registered sex offender—albeit one with multiple registration violations—when he exploited these defenseless children. Scanlan was required to register because he digitally penetrated a 6-year-old in 2005, when Scanlan was sixteen. It is only because Scanlan was adjudicated as a juvenile for that 2005 Illinois state aggravated sexual abuse charge that Scanlan is not facing a mandatory life sentence in this instant case. See 18 U.S.C. § 3559(e).

Scanlan's conduct is horrific. It was repeated and did permanent and incalculable damage to a vulnerable child. The Court should sentence him to the statutory maximum 70 years in prison.

## SENTENCING CALCULATION & OBJECTIONS

A.   **Factual Stipulation**

The government requests the factual record be supplemented regarding Child Victim #1. The parties have agreed to stipulate as follows: Child Victim #1 was prepubescent at the time Scanlan was sexually abusing him as outlined in the presentence report. Child Victim #1 was a 4th grader during the 2020-2021 school year.

The government requests that this stipulation be affirmed on the record at the sentencing hearing.

B.   **Guidelines Calculation**

There are no factual disputes relating to the PSR. The government agrees with the guidelines calculation set out in the PSR: total offense level 43; life. The government disagrees with the Probation Office as to precisely how to arrive at the level 43 and what criminal history category applies. But these issues are merely academic because the guideline (life) is the same regardless. The guideline then becomes that statutory maximum—720 months plus 120 months consecutive.

Scanlan contends that a four-level enhancement under §2G2.1(b)(4) does not apply. Scanlan contends this case presents with a total offense level of 39 with criminal history category V—360 months to life, plus 120 months consecutive.

A mandatory minimum of 180 months and statutory maximum of 720 months applies to the production offenses. The court must impose 120 months consecutive to the sentence imposed for the production offenses.

2

### C. The four-level enhancement under USSG § 2G2.1(b)(4)(A) applies because Scanlan's offense "involved material that portrays sadistic or masochistic conduct or other depictions of violence."

If the Court applies these four-levels, Scanlan's total offense level will be 43 no matter the Court's decision about the applicability of §4B1.5(a) versus §4B1.5(b). In other words, applying this disputed four-level enhancement renders the §4B1.5 dispute meaningless as to the guidelines calculation.

USSG §2G2.1(b)(4)(A) requires a four-level enhancement "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." This enhancement plainly applies.

Scanlan, a man in his early 30's, repeatedly coerced and used a 10-year-old prepubescent child (Child Victim #1) to insert Scanlan's penis into that child's mouth. Scanlan recorded this oral sex. (PSR ¶¶ 18-21, 23.) This, without more, warrants the enhancement. The government fully endorses the response by the Probation Officer on this issue. (PSR p. 38.) The videos, if not showing conduct overtly painful to the child, indisputably depict overtly humiliating activity. Given that Scanlan is an adult and Child Victim #1 barely 10-years old, the videos depict conduct that is sufficiently coercive, abusive, and degrading to qualify for this enhancement. See *United States v. Diaz*, 368 F.3d 991, 992 (8th Cir. 2004); *United States v. Cain*, 2008 WL 5382005 (D. Minn. 2008)(enhancement applies if images "depict oral, vaginal, or anal penetration of a child by a foreign object or by a substantially older person.)(cleaned up). Furthermore, Child Victim #1 was

prepubescent. See, e.g., *United States v. Cover*, 800 F.3d 275, 280-81 (6th Cir. 2015)(evidence that the image depicts the sexual penetration of a prepubescent child will result in a presumption that the image is "inherently sadistic.")

Even absent the videos of Child Victim #1, the enhancement would still apply. On his cell phone Scanlan had other videos of very young, prepubescent children being penetrated by adults and overtly humiliated. (PSR ¶¶ 13, 23.) These included a video of a prepubescent girl being anally penetrated by an adult with an object. The child is in audible pain. (PSR ¶¶ 13, 23(a).) Scanlan had a video of adult vaginally penetrating a prepubescent female approximately 10-years of age with his penis. (PSR ¶ 23(i).) He had a video of an adult ejaculating on a 1-year-old child. (PSR ¶ 23(j)). Scanlan's offense "involved" this material that investigators located on his cell phone. Even Scanlan previously admitted the obvious—that the files on his cell phone are "relevant conduct" to the offenses to which he pled guilty. (Plea Agreement, DCD 26 at ¶ 8(5).) The government anticipates that Scanlan will withdraw his objection in which he argues that the materials on Scanlan's cell phone are not relevant conduct to the instant offense. (Deft. Obj. to PSR, DCD 44 at ¶ 1.) A failure to do so will be a violation of the plea agreement.

**D.     Repeat and Dangerous Sex Offender Against Minors Guideline**

The government believes that the Court need not resolve the issue about whether §4B1.5(a) applies or §4B1.5(b) applies because—assuming the Court overrules Scanlan's objection to the four-level enhancement under USSG § 2G.2.1(b)(4)(A)—Scanlan's guideline range is "life" regardless. However, if the

4

Court determines it is necessary to resolve this issue, the government asks that it apply §4B1.5(b).

Scanlan is faced with a statutory term of 15 to 30 years in prison on each of the two production counts. 18 U.S.C. § 2251(e). However, that statute provides that if Scanlan has one "prior conviction" under the laws of any State relating to sexual abuse of a minor, Scanlan would be subject to not less than 25 years nor more than 50 years on each production count. 18 U.S.C. § 2251(e). But Scanlan's 2005 Illinois state juvenile delinquent adjudication for Aggravated Criminal Sexual Abuse of a victim less than 9 years of age (PSR ¶ 59) is <u>not</u> a "prior conviction". The Eighth Circuit law is that a "juvenile delinquency adjudication" for a criminal sexual offense involving a minor is not a "prior conviction" for purposes of §2252(b)(1)—a sister statute to §2251. See *United States v. Gauld*, 865 F.3d 1030 (8th Cir. 2017)(en banc). Section 2251(e) uses identical language as Section 2252(b) as to the term "prior conviction". The *Gauld* court made clear that silence in the statute as to whether "prior conviction" encompassed prior "juvenile delinquency adjudications" was to be read to exclude such juvenile adjudications because "Congress has taken care in other enactments to expressly mention juvenile-delinquency adjudications when it intends those adjudications to be counted as 'convictions' that increase criminal punishment or impose special burdens." *Gauld* at 1033. To read "prior conviction" as encompassing juvenile-delinquency adjudications "would require drawing meaning from silence, which is particularly inappropriate where Congress has shown it knows how to direct sentencing

practices in express terms." *Id.* at 1034 (cleaned up). The parties agree that the Court should not count Scanlan's 2005 adjudication as a "prior conviction" for purposes of §2251(e). Scanlan benefits as a result.

For the same reason, the parties agree that the Court should not count Scanlan's 2005 adjudication as a "prior sex conviction" under §3559(e). 18 U.S.C. § 3559(e). That statute requires that Scanlan be sentenced to life imprisonment based upon his instant offense of conviction (Production of Child Pornography under §2251(a)) if the Court determines that Scanlan "has a *prior sex conviction* in which a minor was the victim." 18 U.S.C. § 3559(e)(1). The term "prior sex conviction" is defined as "a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense." 18 U.S.C. § 3559(e)(2)(C). Scanlan's instant, subsequent offense is undeniably a "Federal sex offense." His 2005 adjudication would be a "State sex offense" if it were not a juvenile adjudication. Notably the text of § 3559(e) does not expressly include, nor exclude, juvenile adjudications from the definition of "prior sex conviction". The parties agree that the Court should not count Scanlan's 2005 adjudication as a "prior sex conviction" under §3559(e). Again, Scanlan benefits mightily, avoiding a mandatory life sentence.

The guidelines provide that Scanlan is subject to the section involving "Repeat and Dangerous Sex Offender Against Minors." USSG §4B1.5. The parties agree on this much. But the parties differ as to which subsection of this guideline

6

should apply to Scanlan. The government believes that §4B1.5(b) applies, along with its five-level enhancement. Defendant argues that §4B1.5(a) should be applied, with no commensurate increased offense level but an increase to the applicable criminal history category. Defendant correctly observes that "[t]he only potential issue for whether § 4B1.5(a) applies to the exclusion of § 4B1.5(b) is whether Mr. Scanlan has at least one sex offense conviction." (Deft. Obj. to PSR, DCD 44 at ¶ 4.) The question is: does Scanlan's 2005 juvenile adjudication count as a "sex offense conviction"? See §4B1.5(a). If it counts, §4B1.5(a) applies. If not, ¶4B1.5(b) applies. "Sex offense conviction" is defined as:

> "Sex offense conviction" (I) means any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor; and (II) does not include trafficking in, receipt of, or possession of, child pornography." USSG §4B1.5, comment. (n.3(A)(ii)).

Scanlan's 2005 adjudication would meet this definition if it were an offense described in 18 U.S.C. §2426(b)(1)(A) or (B). Section 2426(b) defines the term "prior sex offense conviction"—a term strikingly similar to the term used in §3559(e), "prior sex conviction". Scanlan's offense in 2005 might arguably meet the Section 2426(b)(1)(B) definition *if* it amounted to a "conviction". It was not. It was a "juvenile adjudication" where he was "adjudicated delinquent." Further, even assuming such an adjudication could in some circumstances be a considered a "conviction" in federal proceedings, this Court should—like *Gauld*—decline to read "prior sex offense conviction" (as defined in §2426(b)) to encompass juvenile-delinquency adjudications because doing so "would require drawing meaning from

7

silence, which is particularly inappropriate where Congress has shown it knows how to direct sentencing practices in express terms." *Gauld* at 1034.

The same logic that saved Scanlan from the massive increased statutory sentences based upon his 2005 adjudication should apply to this guideline issue. But Scanlan wants to have his cake and eat it too. If the Court determines it is necessary to resolve this issue, the government asks that it apply §4B1.5(b). Again, the government believes that the Court need not resolve this issue because— assuming the Court overrules Scanlan's objection to the four-level enhancement under USSG § 2G.2.1(b)(4)(A)—Scanlan's guideline range is "life" no matter whether 4B1.5 (a) applies or 4B1.5(b) applies.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 840 MONTHS**

The sentencing statutes inform this court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.

§ 3553(a)(6).  The government will ask the district court to sentence the Defendant based upon an advisory range of 720 months plus 120 months consecutive.  The government recommends 840 months to be followed by a lifetime term of supervision.

The offenses committed by Scanlan are of the most serious kind. He repeatedly sexually abused a young child.  He did so over at least four months—from September 2020 through January 2021.  He devasted a child and family that placed trust in him.  And he video-recorded some of his abuse.  The permanent damage that Scanlan has caused cannot be overstated.  The government anticipates that the parents of Child Victim #1 will provide the Court with insight as to the impact of Scanlan's conduct.

But Scanlan's conduct was not limited to his horrifying abuse of the 10-year-old.  Scanlan also exploited his 4-year-old niece, photographing her bare genitals in early 2021.  Additionally, Scanlan possessed additional prepubescent child pornography (PSR 24) and posted to the internet a video of a prepubescent girl being graphically sexually abused by an adult. (PSR 13.)

Scanlan is an extreme danger to children.  His history makes that crystal clear.  He digitally penetrated a 6-year-old girl in 2005.  He has been convicted of several sex offender registration violations.  Yet he has escalated his predatory behavior nonetheless—with immeasurable, permanent consequences to Child Victim #1.  That Scanlan was willing to exploit and defile children who should be the dearest to him is quite telling as to his dangerousness.

A sentence of 840 months is necessary to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, avoid unwarranted sentencing disparities, and protect the public and these victims from his further crimes.

## CONCLUSION

This Court should sentence the Defendant to 840 months of imprisonment with a lifetime term of supervised release to follow.

    Respectfully submitted,

    Richard D. Westphal
    United States Attorney

By:  */s/ Adam J. Kerndt*
    Adam J. Kerndt
    Assistant United States Attorney
    U.S. Courthouse Annex
    110 East Court Avenue, Suite 286
    Des Moines, IA 50309
    Tel: (515) 473-9300
    Fax: (515) 473-9292
    Email: Adam.Kerndt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail   _____ Fax   \_\_\_\_\_Hand Delivery

_X_\_\_ECF/Electronic filing   \_\_\_\_Other means

UNITED STATES ATTORNEY

By: /s/ Adam J. Kerndt_____
    Assistant U.S. Attorney